# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>          Defendants. | 2:12-cv-01038-GMN -VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>Application to Proceed *In Forma Pauperis* (#1) |

Before the court are plaintiff Chibueze C. Anaeme's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on July 18, 2012, at 10:00 a.m.

**I.**    *In Forma Pauperis* **Application**

Plaintiff Chibueze C. Anaeme asserts in his application to proceed *in forma pauperis* that he is unemployed, a sole proprietor, an independent contract clinical and consultant pharmacist, and a law student. (#1). Plaintiff asserts that he makes $150 an hour, and that he "received or recieve[s] monies as gifts or loans during chance encounters with sympathizers and well-wishers in varied and unpredictable amounts." *Id.* Plaintiff has $8.00 in his bank account, and his monthly expenses include: $150-$500 for transportation, $1,000 in medical bills, $300 in litigation costs, and $600 for laundry, food, and sundries. *Id.* Plaintiff states that he has medical bills of approximately $100,000, owes Household Finance Corporation $20,000, owes approximately $20,000 in credit card bills, and owes Bank of America and Wells Fargo Bank $2,000. *Id.*

During the hearing, the court asked plaintiff if he was currently employed, when the last time

he was employed, how much he made during this employment, and in what capacity he worked. (#3). Plaintiff stated that he is not currently employed, that he last worked as a pharmacist from October 2007 - December 2007, and that he made $150 per hour during that time. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     Proper Venue

Pursuant to 28 U.S.C. § 1390(a), "the term "venue" refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction of subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district or

districts." The proper venue for a civil action "shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2). "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omission giving rise to the claims occurred, or substantial part of property that is the subject of the action is situated..." 28 U.S.C. § 1391(b)(1) and (2).

Plaintiff filed his complaint in the United States District Court for the District of Nevada. (#1-1). Plaintiff lists several pages of defendants, but does not state that any of the defendants are residents of Nevada. *Id.* The defendants are primarily residents of San Diego, California, Albuquerque, New Mexico, Jacksonville, Florida, Denver, Colorado, and Chula Vista, California. *Id.* Based on the residency of the defendants, Nevada is not the proper venue for this action. *See* 28 U.S.C. § 1391(b)(1). In plaintiff's complaint, he asserts that "[t]he acts, omissions and transactions alleged to be unlawful arise within the jurisdiction of the United States District Court for the District of New Mexico and United States District Court for the District of Colorado." (#1-1). Based on plaintiff's assertion, "a substantial amount of the events or omissions giving rise to the claims occurred" outside of the District of Nevada, and this is not the proper venue under 28 U.S.C. § 1391(b)(2). *Id.*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). *Sua Sponte* dismissal based on improper venue is appropriate where "the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006). Upon a review of plaintiff's complaint, as discussed below, the court finds that transferring this action to a federal district where venue is proper is not "in the interest of justice," and that dismissal is appropriate.

*Id; See* 28 U.S.C. § 1404(a).

### B. Plaintiff's Complaint

Plaintiff's complaint is fifty-three (53) pages long, names thirty-eight (38) defendants, and seeks relief against other parties that are not named as defendants. (#1-1). The claims are disjointed, repetitive, and exceptionally difficult to follow. *Id.* From what the court can comprehend, plaintiff's complaint stems from an incident where attorneys that represented him in an employment discrimination action in the state of New Mexico duplicated the original case files from the action without his consent and then refused to give the original files back to him "without probable cause." *Id.* Plaintiff asserts claims for (1) negligence under the Federal Tort Claims Act (hereinafter "FTCA"), (2) conspiracy under the FTCA, (3) disparate treatment under the FTCA, and (4) intentional infliction of emotional distress under the FTCA. *Id.*

### 1. Jurisdiction

Plaintiff asserts that this court has jurisdiction under 28 U.S.C. §§§ 1331, 1337, and 1367. (#1-1). Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Under 28 U.S.C. § 1337, "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce

against restraints and monopolies." Section 1367 provides for supplemental jurisdiction over state claims when the state claims "are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy..." 28 U.S.C. § 1367.

Plaintiff alleges all of his claims under the FTCA. (#1-1). As this is a federal act, this court has federal-question jurisdiction over the matter. *See* 28 U.S.C. § 1331. Upon a review of the complaint, however, plaintiff has merely named the FTCA, but has not stated a claim under the FTCA that can survive. A claim under the FTCA is a tort claim brought against the federal government. 28 U.S.C. § 1346. Plaintiff's claims under the FTCA against all other defendants besides the United States should be dismissed for this reason. *Id.* For plaintiff's claims under the FTCA to survive against the United States, plaintiff must make a claim for money damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[1]." 28 U.S.C. § 2675(a).

Plaintiff does not allege that the federal government, acting through its employees, engaged in tortious conduct. (#1-1). In his "Statement of Facts," plaintiff only alleges that his previous attorneys duplicated the original case files from his New Mexico discrimination action, which "were only to be reviewed for purposes of settlement of said litigation and not to be duplicated by counsel," and "categorically refused" to return them "without probable cause." (#1-1). Accordingly, plaintiff's claims against the United States under the FTCA cannot survive. *See* 28 U.S.C. § 1346(b)(1). Plaintiff's claims under the FTCA also cannot survive, as he expressly represents to the court that he

---

[1] As noted below, plaintiff affirmatively asserts that he did not present his claims to a Federal agency. (#1-1).

did not "present his claim to the appropriate Federal agency" as required under 28 U.S.C. § 2675(a). (#1-1)(plaintiff stated in the complaint that "[p]laintiff is not required to exhaust any administrative remedies prior to filing this action."). As the plaintiff does not state a claim under the FTCA or the constitution, laws, or treaties of the United States, this court does not have federal question jurisdiction over this action. 28 U.S.C. § 1331.

This court also does not have jurisdiction over plaintiff's complaint under 28 U.S.C. §§ 1337 or 1367, as plaintiff suggests. Plaintiff does not assert a claim or allege facts that pertain to or in any way relate to "commerce or protecting trade and commerce against restraints and monopolies." (#1-1); 28 U.S.C. § 1337. As there are no claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may assert. 28 U.S.C. § 1367.

Although not asserted in his complaint as a basis for jurisdiction, plaintiff is also unable to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States..." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of New Mexico. (#1-1 and #3[2]). Plaintiff names several New Mexico attorneys and law firms as defendants, and provides New Mexico addresses for each of these defendants. (#1-1). As there is not complete diversity of citizenship, *i.e.* defendants and plaintiff are citizens of the same state, this court does not have diversity jurisdiction over this matter. 28 U.S.C. § 1332(a)(1). Even if complete diversity existed, plaintiff has not alleged that the amount in controversy exceeds $75,000, and only seeks an award of "fees, exemplary damages, and costs...in the appropriate amounts." (#1-1).

This court does not have jurisdiction over this matter, and the complaint should be dismissed

---

[2] During the hearing, plaintiff stated that he is a resident of New Mexico despite the fact that the docket sheet reflects a San Diego, CA address. (#3).

6

without prejudice. 28 U.S.C. §§ 1331 and 1332(a)(1); *Cato,* 70 F.2d at 1006.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Chibueze C. Anaeme's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Clerk of Court shall be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) shall be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, shall be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of July, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**